[Civ. No. 9096. Second Appellate District, Division Two.—January 31, 1935.]

In the Matter of the Application of RODNEY JOHNSON to Have the Status of "THE HERALD" of North Los Angeles Established as a Newspaper of General Circulation. RODNEY JOHNSON, Respondent, v. E. WILSON, Appellant.

Hill, Morgan & Bledsoe and Kenneth K. Wright for Appellant.

Rodney Johnson, *in pro. per.*, for Respondent.

STEPHENS, P. J.—Under appropriate proceedings the superior court made the following adjudication: "It is ordered, adjudged and Decreed: That petitioning newspaper, 'The Herald' is a newspaper of general circulation as that term is defined in Section 4460 of the California Political Code; that all the requirements of Sections 4460 and 4462 Political Code of California have been met and followed by said petitioning newspaper; and that said peti-

tioning newspaper is competent to print and publish all legal notices required by law, or permitted by law to be printed and/or published in a newspaper of general circulation printed, published and distributed in the City of Los Angeles, County of Los Angeles, State of California."

Mr. E. Wilson contested such adjudication and appeals on the judgment roll supplemented through stipulation by a stipulation of fact that was used below. This stipulation does not purport to constitute all of the facts submitted to the superior court.

There is nothing in this stipulation of fact that would justify our reversing the conclusions reached below unless it is that the "Herald" had approximately two hundred on its subscription list and 150 paying subscribers, 90 per cent of which paid circulation was within the San Fernando Valley of the city of Los Angeles and 10 per cent without such city, all within the county of Los Angeles. We are justified, we think, in assuming that this recital of circulation was the best the "Herald" could or did support with testimony.

We do not wish our conclusions to be understood to express our own opinions as to the efficacy of such a paper as a notice carrying publication but we do think the testimony supports the findings and judgment under the requirements of section 4460 of the Political Code.

The judgment is affirmed.

Crail, J., concurred.